# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 26-CV-2424 (RER)

MOHAMAD MAKSUD ALI-BAPPI

VERSUS

MARCO RUBIO; UNITED STATES DEPARTMENT OF STATE; UNITED STATES ATTORNEY GENERAL

## MEMORANDUM & ORDER

**RAMÓN E. REYES, JR., District Judge:**

On April 23, 2026, *pro se* petitioner Mohamad Maksud Ali-Bappi filed this petition for a writ of mandamus against defendants related to the adjudication of his wife Zinia Akter's immigrant visa application. (ECF No. 1 ("Pet.")). That same day, Ali-Bappi moved for a temporary restraining order ("TRO"). (ECF No. 3 ("TRO Mot.")). On May 8, 2026, defendants opposed the motion, and Ali-Bappi replied. (ECF Nos. 9 ("Opp."); 10 ("Reply")). On May 26, 2026, Ali-Bappi requested that the Court decide his motion. (ECF No. 11).

After carefully reviewing the record and for the reasons set forth below, the Court denies Ali-Bappi's motion for a TRO.

Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies. *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (per curiam). The standards for granting a TRO are the same as those governing preliminary injunctions. *See Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York*

*Shipping Ass'n, Inc.,* 965 F.2d 1224, 1228 (2d Cir. 1992); *see also Leddy v. Becerra*, 617 F. Supp. 3d 116, 121 (E.D.N.Y. 2022) (citing *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008)). The moving party is required to show "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Cnty. of Nassau, N.Y. v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008) (quoting *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 476 (2d Cir. 2004)).

The movant must carry the burden of persuasion by a clear showing, and the district court has "wide discretion in determining whether to grant a preliminary injunction," as it is "one of the most drastic tools in the arsenal of judicial remedies." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007).

Ali-Bappi's petition seeks to "compel Defendants to complete adjudication" of his wife's immigrant visa application "following a refusal under Section 221(g)." (Pet. ¶ 1). Rather than make an "individualized determination of admissibility," the Department of State denied Akter's application due to the pause on the issuance of immigration visas to Bangladesh. (*Id.* ¶ 18; Opp. at 3). According to Ali-Bappi, "[d]efendants are required by law to adjudicate immigrant visa applications on an individualized basis and may not substitute a blanket policy for case-specific determinations." (Pet. ¶ 19).

Ali-Bappi moves this Court to enjoin "[d]efendants from continuing to withhold final action on" Akter's visa application "following a refusal under Section 221(g), and compelling prompt, lawful adjudication," and to "order Defendants to complete adjudication of [Akter's] application in a lawful and individualized matter." (TRO Mot. at

1–2). Defendants argue that the Court should deny the TRO because Ali-Bappi seeks the same relief in his TRO that he seeks in his petition, and in any event, Ali-Bappi "fails to demonstrate any of the three factors required to establish entitlement to a TRO." (Opp. at 3–4). In reply, Ali-Bappi insists that he only "seeks narrowly tailored interim relief preventing continued implementation of the challenged immigrant visa pause policy against" Akter during the pendency of his petition. (Reply at 2).

First, "[i]t is well-established that the purpose of a preliminary injunction is not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo." *City of Newburgh v. Sarna*, 690 F. Supp. 2d 136, 175 (S.D.N.Y. 2010) (quotation omitted); *Kane v. De Blasio*, 19 F.4th 152, 163 (2d Cir. 2021) ("The purpose of a preliminary injunction is not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo by preventing during the pendency of the suit the occurrence of that irreparable sort of harm which the movant fears will occur."). Here, Ali-Bappi's motion does exactly that—his petition and his TRO motion request the same relief. This weighs against granting plaintiff's motion.

Second, Ali-Bappi fails to demonstrate irreparable harm. Ali-Bappi argues that he "incurred substantial, financial, logistical, and professional burdens associated with repeated international travel," that the "ongoing uncertainty continues to disrupt Plaintiff's ability to effectively manage employment obligations, family responsibilities, and future planning," and that "Courts have repeatedly recognized that prolonged family separation constitutes irreparable harm." (TRO Mot. at 4–5).

"Simply alleging that an injury is immediate and irreparable" is not sufficient to meet the stringent standard of immediate irreparable harm. *Goldstein v. Hochul*, No. 22 Civ.

8300 (VSB), 2022 WL 20305832, at *2 (S.D.N.Y. Oct. 3, 2022). "An injury is only immediate and irreparable in the TRO context if the absence of immediate judicial intervention will cause irreparable injury that will make it difficult, if not impossible, for the court to provide effective final relief after hearing from both parties." *Id.* (quotation omitted). Ali-Bappi alleges no such thing.[1] Further, Ali-Bappi seeks to alter, and not preserve, the status quo by asking the Court to create an exception for Akter's immigrant visa application. *see Pan Am. World Airways, Inc. v. Flight Engineers' Int'l Ass'n, PAA Chapter, AFL-CIO*, 306 F.2d 840, 842 (2d Cir. 1962) ("The purpose of a temporary restraining order is to preserve an existing situation in status quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction.").

Because the Court finds that Ali-Bappi fails to demonstrate irreparable harm, the Court "need not address the remaining prongs of the test for preliminary injunctive relief." *Metro Funding Corp. v. WestLB AG*, No. 10 Civ.1382 (CM), 2010 WL 1050315, at *28 (S.D.N.Y. Mar. 19, 2010).

Accordingly, Ali-Bappi's motion for a temporary restraining order is DENIED. The Clerk of Court is respectfully directed to mail a copy of this Order to Ali-Bappi and to note the mailing on the docket.

---

[1] Although Ali-Bappi correctly argues that courts have recognized that prolonged family separation can amount to irreparable injury in some contexts, those contexts do not apply here. *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 371 (S.D.N.Y. 2019) ("[C]ourts recognize the irreparable harms that stem from being unlawfully separated from family."); *see generally Make the Rd. N.Y. v. Pompeo*, 475 F. Supp. 3d 232, 268 (S.D.N.Y. 2020); *but see Al Saidi v. U.S. Embassy in Djib.*, 544 F.Supp.3d 289, 296 (E.D.N.Y. June 18, 2021) ("[A]ny delay in processing the Form I-130 applications would not cause a family separation that might contribute to an irreparable harm because plaintiff-petitioner and plaintiff-beneficiaries already live in separate countries.").

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: June 4, 2026
Brooklyn, New York