UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 26-CV-2424 (RER)

MOHAMAD MAKSUD ALI-BAPPI

VERSUS

MARCO RUBIO; UNITED STATES DEPARTMENT OF STATE; UNITED STATES ATTORNEY GENERAL

**SUMMARY ORDER**

**RAMÓN E. REYES, JR., District Judge:**

The United States Department of State ("DOS") announced on January 14, 2026, that it would suspend issuance of immigrant visas to nationals of seventy-five (75) countries. (ECF No. 1-2 at 19).[1] DOS indicated the suspension was necessary because a certain percentage of immigrants from those countries receive public assistance once present in the United States.[2] Concurrently, Secretary of State Marco Rubio sent a cable

[1] The 75 countries include Afghanistan, Albania, Algeria, Antigua and Barbuda, Armenia, Azerbaijan, Bahamas, Bangladesh, Barbados, Belarus, Belize, Bhutan, Bosnia and Herzegovina, Brazil, Burma, Cambodia, Cameroon, Cape Verde, Colombia, Cote d'Ivoire, Cuba, Democratic Republic of the Congo, Dominica, Egypt, Eritrea, Ethiopia, Fiji, The Gambia, Georgia, Ghana, Grenada, Guatemala, Guinea, Haiti, Iran, Iraq, Jamaica, Jordan, Kazakhstan, Kosovo, Kuwait, Kyrgyz Republic, Laos, Lebanon, Liberia, Libya, Moldova, Mongolia, Montenegro, Morocco, Nepal, Nicaragua, Nigeria, North Macedonia, Pakistan, Republic of the Congo, Russia, Rwanda, Saint Kitts and Nevis, Saint Lucia, Saint Vincent and the Grenadines, Senegal, Sierra Leone, Somalia, South Sudan, Sudan, Syria, Tanzania, Thailand, Togo, Tunisia, Uganda, Uruguay, Uzbekistan, and Yemen. (ECF No. 1-2 at 19).

[2] The seventy-five countries were selected based on a calculated percentage of immigrant households that receive some form of public assistance. *Catholic Legal Immig. Network, Inc. v. Rubio*, No. 26 Civ. 00858 (JAV), 2026 WL 2455099, at *5 (S.D.N.Y. Aug. 21, 2026). Any applicant for an immigrant visa from a nation

to all diplomatic and consular officials directing them to refuse immigrant visas "under Section 221(g) of the Immigration and Nationality Act to all [] applicants *who have not been refused under another ground of ineligibility*, if the applicant is a national" of the seventy-five countries**.** (ECF No. 10 at 9 (emphasis added)). In other words, under DOS's announcement and Secretary Rubio's directive (the "Public Charge Pause"), regardless of an applicant's individual circumstances and whether a consular official had determined through an individualized assessment that an applicant was otherwise eligible for a visa and was not likely to become a public charge once admitted to the United States, no applicant from these countries would be granted an immigrant visa. Put differently, the Public Charge Pause was a blanket ban on immigrant visas from these seventy-five countries.

*Pro se* plaintiff Mohamad Maksud Ali-Bappi ("Ali-Bappi") is a United States citizen who petitioned for his wife, Zinia Akter ("Akter"), a citizen of Bangladesh, to join him in the United States on an immigrant visa. (ECF No. 1 ("Compl.") at ¶¶ 6, 7).[3] On April 23, 2026, Akter attended her immigrant visa interview, and the consular official "refused" to issue her an immigrant visa due to the Public Charge Pause. (*Id.* ¶¶ 14, 15, Ex. D ("Your visa has been refused under section 221(g) of the U.S. Immigration and Nationality Act (INA), as amended. Please be advised that for U.S. visa purposes, this decision constitutes a denial of a visa."); *see also* ECF No. 9 at 1 ("Akter's immigrant visa application was

---

where the percentage of households receiving assistance was greater than 30% (except for certain countries) were prohibited from receiving a visa under the new policy. *Id.*

[3] Ali-Bappi's I-130 petition for alien relative was approved on November 17, 2025. (Compl., Ex. A).

refused because Akter was found ineligible for an immigrant visa under INA Section 221(g) *due to DOS's pause on the issuance of immigrant visas to nationals of certain countries*, including Bangladesh" (emphasis added))). That same day, Ali-Bappi filed this action under the Mandamus Act, 28 U.S.C. § 1361, and Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), seeking to compel defendants to adjudicate his wife's immigrant visa application "in a lawful and individualized manner" rather than "based on a generalized visa pause policy." (Compl. ¶ 18, at 3).[4]

On April 30, 2026, the Court ordered defendants to show cause why mandamus should not be granted. (ECF No. 8). On June 29, 2026, defendants responded to the order to show cause, offering numerous arguments for dismissal of the complaint. (ECF No. 18). Thereafter, Ali-Bappi replied to all of defendants' arguments and reiterated that he challenged the continued application of the Public Charge Pause to Akter's immigrant visa application as a violation of both the Mandamus Act and the APA. (ECF No. 19). Ali-Bappi seeks an order directing DOS to re-adjudicate Akter's immigrant visa application in accordance with the INA and without regard to the Public Charge Pause. (ECF No. 19 at 15).

* * *

This case is ripe for summary disposition as the parties have been given ample opportunity to marshal the material facts, which do not appear to be in dispute, and make

[4] Plaintiff further moved for a temporary restraining order, which the Court denied. (ECF Nos. 3, 9, 10, 13). Plaintiff then moved for reconsideration of the Court's denial, and the Court denied the motion. (ECF Nos. 14, 17, ECF order dated 7/17/2026).

their legal arguments in response to the Court's order to show cause. Further, the Court need not tarry long on the legal issues raised herein—whether DOS's denial of Akter's immigrant visa application due to the Public Charge Pause violated either the Mandamus Act or the APA. At least five district courts have recently addressed these precise issues. *See Ivanov, et al., v. Trump, et al.,* Nos. CV 26-915 (RJL), CV 26-968 (RJL), CV 26-2272 (RJL), 2026 WL 2494805 (D.D.C. Aug. 25, 2026); *Catholic Legal Immigr. Network, Inc. v. Rubio*, 26 Civ. 00858 (JAV), 2026 WL 2455099 (S.D.N.Y. Aug. 21, 2026); *De Moura Gomes, et al. v. Rubio, et al.,* No. 26-CV-01883 (APM), 2026 WL 2212503 (D.D.C. July 31, 2026); *Ullah v. Lafave*, Civ. No. 25-12804 (LTS), 2026 WL 1541774 (D. Mass. June 2, 2026) (enjoining DOS from refusing immigrant visa application based on the Public Charge Pause); *Sangster v. Rubio*, No. 3:25-CV-00447 (ART) (CSD), 2026 WL 222316 (D. Nev. Jan. 28, 2026) (same). These courts have largely rejected defendants' various dismissal arguments and have held the Public Charge Pause contrary to the INA, and therefore unlawful under the APA. *Ivanov*, 2026 WL 2494805, at *11–12; *Catholic Legal Immigr. Network*, 2026 WL 2455099, at *17–18; *De Moura Gomes,* 2026 WL 2212503, at *9; *Ullah*, 2026 WL 1541774, at *9–10; *Sangster*, 2026 WL 222316, at *5–6. The Court finds these cases persuasive and summarily grants relief on Ali-Bappi's APA claim.

As the *Ivanov* court explained, the Public Charge Pause violates the APA not because it permits consideration of "country-level public-assistance data" as one factor in determining whether to issue an immigrant visa, but because it dispenses with the INA's Congressionally-mandated *individualized determination* of immigrant visa eligibility and makes nationality "dispositive of visa issuance even after the inquiry prescribed by statute does not find an applicant inadmissible on that ground." *Ivanov*, 2026 WL 2494805, at

*12; *see also Catholic Legal Immigration Network*, 2026 WL 2455099, at *13–18; *De Moura Gomes*, 2026 WL 2212503, at *6–7; *Ullah*, 2026 WL 1541774, at *9–11; *Sangster*, 2026 WL 222316, at *5–6. There is nothing in defendants' submissions that compels this Court to find otherwise.

As relief, the Court declares the denial of Akter's immigrant visa based on the Public Charge Pause to be unlawful. The Court remands Akter's immigrant visa application to the Bangladeshi consular officials and orders them to re-adjudicate the application on an individualized basis under the INA and applicable regulations, and without regard to the Public Charge Pause, within 30 days of the entry of this Order.

The Clerk of Court is directed to enter judgment and close the case.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: September 17, 2026
Brooklyn, New York